IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DOUGLAS NUNEZ VILLANUEVA,<br><br>        *Petitioner*,<br><br>    v.<br><br>BRIAN MCSHANE, *et al*,<br><br>        *Respondents*. | Civil Action No. 3:26-cv-124<br><br>Hon. William S. Stickman IV |

## **ORDER OF COURT**

Petitioner Douglas Nunez Villanueva ("Petitioner") is a citizen of El Salvador who illegally entered the United States approximately twenty-five years ago. Records show that he applied for temporary protected status in 2002, which was denied in 2003. On December 23, 2025, he was apprehended by officers of U.S. Immigration and Customs Enforcement while working as a house painter in Hanover, Pennsylvania. He is currently detained at the Moshannon Valley Processing Center. (ECF Nos. 1 and 11). Petitioner alleges, and Respondents offer nothing contrary, that he has no criminal history that would render him subject to mandatory detention and that his only contact with law enforcement was a traffic citation over twenty years ago. (ECF No. 1). Petitioner was granted a bond hearing and, on January 12, 2026, the immigration judge ("IJ") granted his request for bond and ordered him released from custody on a $3,000.00 bond. (ECF No. 1-2). Nevertheless, Petitioner remains detained because of the automatic stay imposed by 8 C.F.R. § 1003.19(i)(2). He asks that the Court issue a writ of habeas corpus and order his immediate release within one day. (ECF No. 1).

As this Court has previously held, it joins a substantial number of district courts which have concluded that the automatic stay imposed by 8 C.F.R. § 1003.19(i)(2) violates Petitioner's due process rights under the Fifth Amendment. *See Vidalberto Morales Hernandez,* Civil Action No. 3:26-cv-93, ECF No. 90 (*citing Lopez v. Soto*, No. 2:25-cv-16303, 2025 WL 2987485, *2 n.3 (D. N.J. Oct. 23, 2025) (collecting cases)). Having been ordered released on bond by an IJ, the Court holds that Petitioner cannot be detained pursuant to the automatic stay.

Respondents ask that, to the extent the Court rejects the automatic stay of 8 C.F.R. § 1003.19(i)(2), that its order involve a limited vacatur of the automatic stay, not immediate release, so that they can apply for a discretionary stay under 8 C.F.R. § 1003.19(i)(1). They request that the Court stay any grant of habeas relief for 10-14 days to permit application for a discretionary stay. (ECF No. 11). The Court will not do so. It will grant the requested habeas relief—release of Petitioner within one day. Respondents filed an appeal from the bond determination on January 12, 2026. The plain language of 8 C.F.R. §1003.19(i)(1) specifically contemplates that "DHS is entitled to seek a discretionary stay (whether or note **on an emergency basis**) from the Board in connection with such an appeal." (emphasis added). They are free to seek a discretionary stay on an emergency basis, but unless that stay is granted within the one day set forth by this Order, there is no basis to detain Petitioner, and he shall be released.

Finally, to the extent that Respondents argue that Petitioner is not subject to bond because his detention is under 8 U.S.C. § 1225, rather than 8 U.S.C. § 1226 (notwithstanding the immigration judge's determination withdrawing removability pursuant to 8 U.S.C. § 1229b(b)(1)), the Court also rejects that position. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to

the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at \*2 (D.N.J. Oct. 22, 2025).  The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country.  The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Petitioner's detention is governed by § 1226(a) and he had a statutory right to a bond hearing.  He had a hearing and was ordered released on bond.

AND NOW, this 20th day of February 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART.  It is GRANTED only in that Petitioner shall be released pursuant to the terms of the bond order issued by the IJ within one day of this order.  (ECF No. 1-2).  **To be clear, Respondents are free, under the terms of 8 C.F.R. § 1003.19(i)(1), to seek a discretionary stay.  But if that discretionary stay is not granted within the one day mandated by this order, Petitioner shall be released**.  In all other respects, the petition is DENIED.

In light of the recent opinion of the United States Court of Appeals for Third Circuit, *Abioye v. Warden Moshannon Valley Correctional Center*, --- F.4th ----, 2026 WL 263483 (3rd Cir. Feb. 2, 2026), should he wish to do so, Petitioner shall file any motion for costs and fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) on or before **March 2, 2026**.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

3